UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LISA M. LAUSIER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner, Social Security<br>Administration,<br><br>　　　　　　Defendant. | CIVIL ACTION<br>No. 11-30148-WGY |

YOUNG, D.J.　　　　　　　　　　　　　　　　　　July 25, 2012

### **DECISION & ORDER**

This case arises out of a social security benefits determination. Lisa M. Lausier ("Lausier") filed this action after the Social Security Administration determined that she was no longer eligible for disability. See Compl., ECF No. 1. Lausier requested that this Court reverse and remand the Social Security Administration's unfavorable determination. Pl.'s Mot. Order Reversing Decision Comm'r, ECF No. 10. The defendant, Michael J. Astrue (the "Commissioner"), sought to dismiss Lausier's complaint for, among other reasons, failing to exhaust her administrative remedies. Def.'s Mot. Dismiss, ECF No. 14; Def.'s Mem. Supp. Mot. Dismiss ("Commissioner's Mem."), ECF No. 15.

In count I of her complaint, Lausier asks the Court to

1

require the Commissioner to pay social security benefits owed to her between May 2007 and May 2011. Compl. 2. Though the Commissioner initially denied Lausier's allegation that benefits were owed to her, the Commissioner has subsequently determined that Lausier was entitled to disability benefits as of February 2007. Commissioner's Mem. 6, Ex. A, ECF No. 15-1. Moreover, in February, 2012 the Commissioner sent Lausier a check for the amount of $81,027.00 to retroactively satisfy the social security benefits owed to her. Def.'s Supplemental Mem. Supp. Mot. Dismiss ("Commissioner's Supplemental Mem."), Ex. A, ECF No. 17-1. Since the disbursement of this check, the Court has not received any subsequent filings from Lausier.

Article III of the United States Constitution limits federal courts to the adjudication of actual cases or controversies. U.S. Const. art. III, § 2, cl. 1. "When the issues presented to a court are no longer live, or when the parties lack a cognizable interest in the outcome," a case is considered moot. Chico Serv. Station v. Sol Puerto Rico, Ltd., 633 F.3d 20, 35 (1st Cir. 2011) (quoting Cruz v. Farquharson, 252 F.3d 530, 533 (1st Cir. 2001)). When a case is moot, the "case or controversy ceases to exist, and dismissal of the action is compulsory." Chico Serv. Station, 633 F.3d at 35; see also Oakville Dev. Corp. v. FDIC, 986 F.2d 611, 615 (1st Cir. 1993) ("[A] case is moot when the court cannot give any 'effectual relief' to the potentially prevailing

2

party.").

This action is such a case. The Commissioner has reversed his prior administrative decision and addressed Lausier's request for a refund of her social security benefits. See Commissioner's Mem. Ex. A; Commissioner's Supplemental Mem. Ex. A. The Court has no further occasion to provide effectual relief to Lausier on this matter. As such, the disputed issue is no longer live, and the action must be dismissed.

To the extent that Lausier is unsatisfied with the benefits awarded by the Commissioner, the social security regulations presently preclude review by this Court - rather, she must first seek administrative review through the Social Security Administrations's own administrative procedures. See 20 C.F.R. §§ 404.900(a), 404.902 (setting forth the process for administrative review and requiring plaintiffs to exhaust their administrative remedies before seeking review in district court).

Lausier's most recent filing with the Court also seems to allege tort claims against the Commissioner that relate to her prior denial of benefits. See Letter Lisa Lausier, ECF No. 16. Given the original limited scope of her amended complaint, these arguments cannot succeed here. If Lausier wishes to pursue these additional claims against the Commissioner, she must do so in a separate suit subject to the constraints of sovereign immunity.

Accordingly, the Court GRANTS the motion to dismiss, ECF No. 14, and DISMISSES the case as moot.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE